UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROBERT PALACIOS, SR., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. A-22-CV-00019-RP |
| § | |
| WARDEN, FCI BASTROP[1], § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE**

Before the Court is Robert Palacios, Sr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. 1. The District Court referred this Petition to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1, Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

### I.     BACKGROUND

Petitioner Robert Palacios, Sr., is currently imprisoned in Bastrop Federal Correctional Institution, located in Bastrop, Texas. He asserts that his federal sentence was not properly credited with time he served in state custody.

Palacios is currently serving a 120-month federal sentence for violation of 21 U.S.C. § 846 and § 841, conspiracy to possess a controlled substance with intent to

---

[1] Substituted for the United States.

distribute more than 500 grams of a mixture or substance containing methamphetamine. Dkt. 14-1.

On November 18, 2015, Palacios was arrested by state authorities in Victoria, Texas, under a warrant for the state offense of Manufacture/Delivery of a Controlled Substance, which was styled as Case No. 15-12-29023-D. *Id.* On November 20, 2015, he was released from state custody via bond. *Id.* Palacios was arrested again ten days later on the charge of Aggravated Assault and Assault on a Family Member, which resulted in Case No. 16-02-9165. *Id.*

On March 17, 2016, Palacios' state charges resulted in a 5-year state term of imprisonment for Case No. 15-12-29023-D. *Id.* The state awarded him 164 days of prior custody credit from November 18, 2015, through November 20, 2015, and December 8, 2015, through May 16, 2016. *Id.* The Texas Department of Criminal Justice (TDCJ) received Palacios on June 13, 2016, to serve his state sentence, which TDCJ commenced on December 7, 2015. *Id.*

On January 2, 2018, while Palacios was in state custody, federal authorities took custody of him through a writ ad prosequendum. The United States Marshals picked up Palacios and placed him in federal custody for a separate federal charge in Case No. 6:17-CR-00096-1. *Id.* On January 29, 2018, while still being held on the writ, TDCJ informed federal authorities that Palacios completed his state sentence. *Id.*

On July 3, 2018, the United States District Court for the Southern District of Texas sentenced Palacios to a 120-month federal term of imprisonment for the fed-

eral conspiracy charge. *Id.* The Federal Bureau of Prisons (BOP) computed Petitioner's sentence to begin on July 3, 2018, and upon initial computation, it awarded him prior custody credit from January 30, 2018, through July 2, 2018. *Id.*

As a result of the internal review after Palacios filed this case, on March 7, 2022, staff at the Designation and Sentence Computation Center for BOP recalculated Palacios' sentence. Palacios has now been given credit for his time in state custody from November 30, 2015, through December 7, 2015, which was not previously credited towards his state sentence. *Id.*

## II.   STANDARD

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Thus, Palacios' claims are properly asserted in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The calculation of a term of imprisonment is governed by Title 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

>    (1) as a result of the offense for which the sentence was imposed;

or

>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28, Sentence Computation Manual, page 1-21. This is true even if a sentence is to run concurrent with a previously imposed term. *Flores*, 616 F.2d at 841 (holding "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

### III.   ANALYSIS

The BOP argues that Palacios' petition should be denied on two bases: (1) failure to exhaust; and (2) because the BOP has properly calculated his sentence. Dkt. 14. Palacios has failed to respond to either argument.

#### A. Failure to Exhaust Administrative Remedies

With regard to his failure to exhaust administrative remedies, Palacios pleads that he filed a grievance with Bastrop FCI on June 22, 2022, which was denied. Dkt. 1, at 2.

It is well established that petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole deci-

sion). Exhaustion under § 2241 requires that the petitioner "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing § 2241 filed by a state pre-trial detainee).

"Application of the [exhaustion] doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." *McKart v. United States*, 395 U.S. 185, 193 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (civil action under 42 U.S.C. § 1983).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R.

§ 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

While there are exceptions to the exhaustion requirement which may be appropriate "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action[,]" such exceptions "apply only in 'extraordinary circumstances.'" *Fuller*, 11 F.3d at 62 (affirming dismissal of challenge to parole commission decision for petitioner's failure to exhaust).

Palacios concedes he has not exhausted the available administrative remedies with the BOP regarding the calculation of his sentence, as he only availed himself of the first step. The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28 C.F.R. § 0.96. If the BOP has miscalculated Palacios' sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Accordingly, since Palacios admittedly failed to exhaust his administrative remedies, his petition should be dismissed. *See Grimes v. United States*, 3:20-CV-01548-M(BT), 2021 WL 6620793, at *2 (N.D. Tex. Dec. 30, 2021), report and recommendation adopted, 2022 WL 196287 (N.D. Tex. Jan. 21, 2022).

### B. Sentence Calculation

Here, Palacios was in state custody from November 18-20, 2015, and again from November 30, 2015, until January 2, 2018. Dkt. 14-1. Texas credited Palacios 164 days of his state custody from November 18-20, 2015, and from December 8, 2015, through May 16, 2016, towards his five-year state sentence. *Id.* TDCJ notified federal authorities that Palacios' state sentence ended on January 29, 2018. *Id.*

BOP credited Palacios for time in federal custody from January 30, 2018, (the day after TDCJ indicated Palacios' sentence was complete) through July 2, 2018, (the day before Palacios was sentenced in federal court). *Id.* Since the filing of his petition, BOP has now also credited Palacios for his prior state custody from November 30, 2015, through December 7, 2015. *Id.* Texas credited Palacios for all other days he spent in custody from November 18, 2015, through January 29, 2018. Because federal law prohibits BOP from crediting Palacios for time already credited to his state sentence, he is not entitled to any additional credits for time in which he was in custody prior to the start of his sentence on July 3, 2018. 18 U.S.C. § 3585(b). Thus, BOP properly calculated Palacios' sentence and credits.

Accordingly, Palacios may not avail himself of § 2241 relief, and his § 2241 Petition should be denied.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Palacios' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. 1.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 18, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE